PEARSON, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JESSICA PINYERD, *et. al* ) | |
| ) | CASE NO. 5:21-01534 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| KATHEY GLIDDEN, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |

The Court asked the parties to brief the question of subject matter jurisdiction and heard oral argument on January 12, 2022. Having reviewed the party's filings and applicable law, the Court retains jurisdiction.

## I. Background

This case arises out of two transactions in which Plaintiffs purchased female St. Bernard puppies from Defendant. The puppies were sold for $2,500 each. Plaintiffs purchased one puppy in November 2018, and the second in February 2020. Plaintiffs later discovered that each puppy purchased possessed a genetic defect, which would preclude the puppies from being bred.

Plaintiffs allege that the language of the written contracts, and the parties' course of dealing show that it was Plaintiffs' intention to breed the two puppies and to sell the offspring. Due to this expressed intention, Plaintiffs argue that Defendant breached the contract when she knowingly sold the puppies with a genetic defect.

(5:21-CV-01534)

As a result, Plaintiffs have brought multiple counts against Defendant including breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, fraud, and negligent misrepresentation. In response, Defendant has pled a defamation counterclaim.

## II. Procedural History

The case was initially filed in the Western District of Kentucky under diversity jurisdiction. Shortly after the case was filed, the transferor Court ordered the parties to brief the matter of subject matter jurisdiction. *See* ECF No. 8.

In response, Plaintiff alleged that there was subject matter jurisdiction because given the number of litters that two healthy female St. Bernard puppies can produce (4), the average amount of puppies per litter (8-10), and the average purchase price for the potential puppies sold ($2,000). Together, these facts showed that the amount in controversy was satisfied because over $160,000 was at issue. *See* ECF No. 11 at PageID #: 51-54. Defendant disputed the amount in controversy on two grounds. First, Defendant argued that only the fair market value of the dogs could be recovered, and that, Plaintiffs' estimate of recovery did not take into consideration breeding costs. *See* ECF No. 13 at Page ID#: 60-61. The transferor court dispensed with Defendant's arguments saying, that there were expectation damages beyond the purchase price of the dogs, and the transferor court then transferred the matter to this district. *See* ECF No. 15 at PageID#: 71-72.

Once the case was transferred, the Court took a second look at the question of subject matter jurisdiction. *See* ECF No. 19 at Page ID#: 10-11. Therefore, in the Court's Order of Reference (ECF No. 19), the Court indicated that it would hold a subject matter jurisdiction hearing, after referring the case for mediation to the assigned magistrate judge. The parties never mediated the matter, because the parties needed to conduct more discovery, resulting in the

2

(5:21-CV-01534)

assigned magistrate judge terminating the referral. Then, the Court ordered that a hearing be held to address whether the amount in controversy was satisfied. See ECF No. 27. At the hearing, the Court heard oral argument, and ruled from the bench that it would retain subject matter jurisdiction for the reasons indicated on the record and in this Order.

### III. Standard of Review

In a diversity case, the Court has jurisdiction when the citizenship of the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Once a plaintiff has made a good faith showing, by the preponderance the evidence, that the amount in controversy is for an amount higher than the jurisdictional amount, the Court has jurisdiction unless there is legal certainty that the jurisdictional amount could not be recovered. See *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

### IV. Analysis

The parties here are completely diverse: Plaintiffs reside in Kentucky, and Defendant resides in Ohio. Thus, the remaining question for the Court is the amount in controversy. Plaintiffs' brief on jurisdiction has established that there is a good faith basis that the amount in controversy is satisfied. See ECF No. 28. Plaintiffs argue that if the puppies purchased had not had the defects, they would have been able to produce eight litters of puppies, and nine puppies per litter and a sales price of $2,000 per puppy, or a total gross revenue of $144,000. *Id*. at PageID #:36. After subtracting Defendant's $7,000 per litter pre-sale costs figure ($56,000), Plaintiffs can still show expectation damages of at least $88,000. *Id*.

Furthermore, Plaintiffs also seek compensatory damages for the original purchase price ($5,000), medical expenses incurred due to the dogs' genetic conditions (nearly $20,000 to date),

3

(5:21-CV-01534)

and punitive damages for Defendant's misrepresentations to Plaintiffs concerning the health of the dogs and the marketability of the dogs' offspring. *Id*. at PageID #: 34.

Plaintiffs have, therefore, met their burden to make a good faith showing that the amount in controversy is satisfied. To show the Court lacks jurisdiction, Defendant must establish that there is a legal certainty that Plaintiff cannot recover an amount in excess of the jurisdictional threshold. Defendant's arguments, however, do not demonstrate this. Defendant argues that the only available recovery is the fair market value of the dogs because dogs are personal property under Ohio law. Also, Defendant claims that Plaintiff cannot in good faith assert such high damages and the case should be dismissed because the damages requested are excessive. *See* ECF No. 30.

Dogs are personal property under Ohio Rev. Code Ann. § 955.03. However, that does not lead Defendant to the conclusion Defendant would prefer the Court to reach. Defendant argued that if the dog is personal property, the only possible loss is the fair market value of the dogs, but that is not the case. The support Defendant cited for this proposition is *Bishop v. E. Ohio Gas Co.*, 143 Ohio St. 541, 546, 56 N.E.2d 164, 166 (Ohio 1944). *Bishop,* however, is a tort case regarding damages for property loss. In a contract case, which is what Plaintiffs have pled, Plaintiffs can recover expectation damages and consequential damages from the sale of personal property (goods) beyond the fair market value. For example, other district courts in this circuit have held that in a sale of dogs for breeding, can be categorized as expectation damages. *See Musto v. Zaro*, No. 2:17-CV-506, 2019 WL 2559513, at *4 (S.D. Ohio June 21, 2019).

Defendant's argument that the damages are excessive assumes the transaction was a mere sale of pets. Plaintiffs' allegations, however, establish that this case arises out of a business transaction between breeders. This case is more like the sale of racehorses, than pets.

4

(5:21-CV-01534)

Defendants arguments are therefore insufficient to show that there is legal certainty that Plaintiff cannot satisfy the jurisdictional amount.

## V. Conclusion

Accordingly, the Court is satisfied that it has subject matter jurisdiction over the matter and retains jurisdiction.

IT IS SO ORDERED.

| | |
|---|---|
| March 4, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |